IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLIFFORD H. STUBBE and PAUL J. HANSEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 1:22-CV-00339 ) |
| PHH MORTGAGE CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## MOTION TO DISMISS

Defendant PHH Mortgage Corporation ("PHH" or "Defendant"), by and through its undersigned counsel of record, moves to dismiss Plaintiffs Clifford H. Stubbe ("Mr. Stubbe") and Paul J. Hansen ("Mr. Hansen") (collectively "Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

### I. INTRODUCTION

This is a quiet title action related to the real property located at 9565 Highway 84, Evergreen, Alabama 36401 (the "Property"). Plaintiff Clifford H. Stubbe is the borrower of a mortgage loan that encumbers Property. Defendant PHH is the

1

servicer of that mortgage loan. Plaintiffs allege that Mr. Hansen purchased the Property from Mr. Stubbe on July 22, 2022. (Compl., ¶ 3).

*Pro se* Plaintiffs' quiet title claim here is premised on an invalid legal theory colloquially named "show me the note," which courts in Alabama have repeatedly rejected. *See, e.g.*, *Williams v. Federal. National Mortgage Association*, 2020 WL 7066318, at *10 (S.D. Ala. Dec. 2, 2020). Simply put, Plaintiffs appear to contend that Defendant's interest in the mortgage loan is invalid because Defendant did not acquiesce to Plaintiffs' demand to produce the "wet ink signed note." (*See* Compl., ¶¶ 4, 5, 11, 15). As set forth below, the Complaint is due to be dismissed for failure to state a claim because Plaintiffs' legal theory underlying their quiet title claim is simply legally incognizable.

## II. RELEVANT FACTUAL HISTORY

1. Plaintiff Clifford H. Stubbe executed a promissory note (the "Note") secured by a Mortgage (collectively, the "Loan") for real property located at 9565 Highway 84, Evergreen, Alabama 36401. (Compl., ¶ 2).

2. PHH is the servicer for the Loan. (Compl., ¶ 4).

3. To date, Plaintiff Clifford H. Stubbe remains in default on the payment obligations of the Loan. (Compl., ¶¶ 4, 11).

4. Mr. Stubbe allegedly sold the Property to Mr. Hansen on July 22, 2022. (Compl., ¶ 3).

5. Plaintiffs filed this quiet title action on July 29, 2022. [Doc. 1]. Defendant removed the Action to this Court on August 30, 2022. [Doc. 1].

### III. STANDARD OF REVIEW

To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." *See* Fed. R. Civ. P. 8. This mandate is bolstered by Rule 8(d), which states that "[e]ach allegation must be simple, concise, and direct." *Id.* Thus, to survive a 12(b)(6) motion to dismiss, a complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009). In fact, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. "Under *Twombly's* construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1950-51. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV. ARGUMENTS & AUTHORITIES

Plaintiffs' Complaint is due to be dismissed because Plaintiffs' quiet title claim is premised on an invalid and meritless "show me the note" legal theory. (*See* Compl., ¶¶ 4, 5, 11).

The "show me the note" theory is a well-known and universally criticized argument that a lender may not foreclose unless the lender first presents proof to the borrower that it possesses the "wet-ink" executed copy of the note. Alabama courts have routinely held that the "show me the note" legal theory lacks merit. *See, e.g., Farkas v. SunTrust Mortg., Inc.*, 447 Fed. Appx. 972, 973 (11th Cir. 2001) (dismissing claims based on contention that the lender was not the owner of the debt because it did not prove ownership under the UCC and holding that "Alabama's foreclosure statute sets forth the requirements for conducting a non-judicial foreclosure under the "power of sale" contained in the mortgage, but the statute does not provide a cause of action for a mortgagor to require the mortgagee to establish proof of claim prior to initiating the foreclosure"); *Graveling v. Castle Mortgage Co.*, 631 Fed. Appx. 690, 697 (11th Cir. Nov. 9, 2015) ("The Gravelings' argument that BankUnited was required to produce the original, 'wet-ink' note in order to validate the mortgage has no basis in Alabama law."); *Summerlin v. Shellpoint Mortgage Services*, 165 F. Supp. 3d 1099, 1111 (N.D. Ala. Feb. 29, 2016) (collecting cases and stating "Of course, Defendant need not produce the Note in order to

4

foreclose"); *Hunter v. Trustmark Nat'l Bank*, 2016 WL 1051291, at *2 (M.D. Ala. Feb. 18, 2016), *adopted by* 2016 WL 1048066 (M.D. Ala. Mar. 16, 2016) ("To the extent Plaintiff is alleging the foreclosure was illegal because Defendant is not the holder of the note or that the note was not properly endorsed, Alabama courts have held that a party seeking to foreclose does not need to produce the actual promissory note and mortgage prior to initiating foreclosure proceedings.").

The "show me the note" theory has been expressly rejected in the Southern District of Alabama. In *Levins v. Deutsche Bank Tr. Co. Americas*, 2013 WL 308999, at *3 (S.D. Ala. Jan. 25, 2013), involving similar claims based on a "wet-inked" signed note, Judge Steele dismissed claims premised on the "show me the note" theory, noting that "courts applying Alabama law have been unreceptive to this kind of 'show me the note' theory of relief." Recently, in *Williams v. Federal. National Mortgage Association*, 2020 WL 7066318, at *10 (S.D. Ala. Dec. 2, 2020), Judge Beaverstock dismissed a similar claim because "it constitutes an unrecognized 'show me the note' claim." Judge Beaverstock noted that "show me the note" claims rely on the "the flawed assertion" and a lender is "required to produce [the borrower's] note in order to effectuate a non-judicial foreclose." *Id.*

Here, Plaintiffs' quiet title claim relies completely on meritless "show me the note" allegations. Specifically, as a basis for their quiet title claim, Plaintiffs allege that they "challenged" Defendant's physical possession of the "wet-ink signed note."

(Compl., ¶ 5). Plaintiffs also allege that Mr. Stubbe's payment of the loan was contingent on Defendant's production to him of the "wet-ink signed note." (*Id.* at ¶ 11(d)). As set forth above, this "show me the note" theory lacks any basis in Alabama law. Accordingly, Plaintiffs' Complaint is due to be dismissed as a matter of law, since Plaintiffs' claim is reliant on this invalid legal theory.

## V. CONCLUSION

**WHEREFORE**, premises considered, Defendant respectfully requests that the Court grant this Motion and dismiss with prejudice each and every claim asserted against it by Plaintiffs in the Complaint.

Respectfully submitted this 7th day of September, 2022.

*s/ Grant A. Premo*
Grant A. Premo
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000 |
Facsimile: (205) 521-8800
gpremo@bradley.com

*ATTORNEY FOR DEFENDANT*
*PHH MORTGAGE CORPORATION*

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Clifford H. Stubbe
9565 Highway 84
Evergreen, AL 36401

Paul J. Hansen
9565 Highway 84
Evergreen, AL 36401

*Plaintiffs*

                                          *s/ Grant A. Premo*
                                          OF COUNSEL