```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

CLIFFORD H. STUBBE, *et al.*,           *
                                        *
    Plaintiffs,                         *
                                        *
vs.                                     *  CIVIL ACTION NO. 22-00339-KD-B
                                        *
PHH MORTGAGE CORPORATION,               *
                                        *
    Defendant.                          *

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiffs Clifford H. Stubbe and Paul John Hansen's motion for summary judgment. (Doc. 5). The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). For the reasons stated below, the undersigned finds that Plaintiffs' motion is premature and recommends that it be **DENIED without prejudice** to Plaintiffs' ability to refile a motion for summary judgment at an appropriate time.

### I.   BACKGROUND

Plaintiffs commenced this action on July 29, 2022, by filing a *pro se* complaint for quiet title against Defendant PHH Mortgage Corporation in the Circuit Court of Conecuh County, Alabama. (Doc. 1-1 at 8-13). On August 30, 2022, Defendant removed the action to

this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1).

On September 7, 2022, Defendant filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 3). Defendant's motion to dismiss asserts that the complaint is due to be dismissed because Plaintiffs' quiet title claim "is premised on an invalid legal theory colloquially named 'show me the note,' which courts in Alabama have repeatedly rejected." (Id. at 2). On September 8, 2022, the undersigned ordered Plaintiffs to file a response to the motion to dismiss by September 29, 2022, and directed that any reply by Defendant be filed by October 6, 2022. (Doc. 4). On September 19, 2022, Plaintiffs filed the instant motion for summary judgment on their quiet title claim. (Doc. 5).

## II.  DISCUSSION

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997) (per curiam); see Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) (instructing that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); Kelsey v. Withers, 718 F.

App'x 817, 820-21 (11th Cir. 2017) (per curiam) (affirming the district court's decision to strike a premature summary judgment motion and explaining that "'[d]istrict courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them'") (citation omitted).

The brief procedural history of this case reflects that Plaintiffs' summary judgment motion precedes the exchange of any discovery between the parties. There is no indication that the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f), nor has the Court held a case management conference or entered a scheduling order setting out discovery limits, procedures, and deadlines in this case. Furthermore, there is a motion to dismiss pending that could potentially resolve this case at the pleading stage, prior to the commencement of discovery. Consequently, Plaintiffs' motion for summary judgment is due to be denied without prejudice because it is blatantly premature. See, e.g., Blumel v. Mylander, 919 F. Supp. 423, 429 (M.D. Fla. 1996) (denying without prejudice plaintiff's "blatantly premature" motion for summary judgment that was served on the first day of the discovery period and while defendant's motion to dismiss was pending, and admonishing plaintiff that the "premature motion borders on violating Fed.R.Civ.P. 11 because it appears to be unwarranted by existing law or brought for an improper purpose");

3

Williams v. Drew, 2013 U.S. Dist. LEXIS 35670, at *8, 2013 WL 1181446, at *3 (M.D. Fla. Mar. 14, 2013) (denying motion for summary judgment without prejudice as premature because no scheduling order had been issued and no discovery had been exchanged between the parties); St Aerospace Servs. Co. Pte, Ltd v. Evergreen Int'l Airlines, 2013 U.S. Dist. LEXIS 3953, at *2-3, 2013 WL 12122572, at *1-2 (S.D. Ala. Jan. 10, 2013) (noting that "[f]iling a Rule 56 motion at the outset of a case (before the commencement of discovery) . . . is procedurally suspect, or at least discouraged, in the vast majority of cases" and denying motion for summary judgment filed before the start of discovery without prejudice to plaintiffs' ability to refile the motion at an appropriate time).[1]

### IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Plaintiffs' motion for summary judgment (Doc. 5) be **DENIED** as premature, **without prejudice** to Plaintiffs' ability to refile a motion for summary judgment at an appropriate time, **after** resolution of Defendant's pending motion to dismiss (Doc. 3) and

---

[1] Plaintiffs' motion for summary judgment is also due to be denied because it is not supported by a brief. See S.D. Ala. CivLR 7(b) ("Except as ordered by the Court, any motion filed pursuant to Fed. R. Civ. P. . . . 56 must be supported by a brief. . . . Failure to file a brief in support of a motion under Fed. R. Civ. P. . . . 56 is sufficient cause to deny the motion . . . .").

4

**after** the parties have had an adequate period within which to conduct discovery.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **21st** day of **September, 2022.**

                                            **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**