## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLIFFORD H. STUBBE and PAUL J. HANSEN,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No.: 1:22-CV-00339-KD-B** |
| **PHH MORTGAGE CORPORATION,** | ) ) ) ) | |
| **Defendant.** | ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant PHH Mortgage Corporation ("PHH" or "Defendant"), by and through its undersigned counsel of record, replies as follows in support of its Motion to Dismiss:

Just as in their original Complaint, Plaintiffs Clifford Stubbe ("Mr. Stubbe") and Paul Hansen's ("Mr. Hansen") (collectively, "Plaintiffs") response [Doc. 7] to Defendant's Motion to Dismiss relies on the invalid "show me the note" legal theory. In their Response, Plaintiffs again erroneously contend that Defendants must produce the "wet ink signed note" in order to establish an interest in the mortgage

1

loan. That simply is not the law in Alabama and fails to support a cause of action for quiet title.

As detailed in Defendant's Motion to Dismiss, the "show me the note" theory is a well-known and universally criticized legal theory that lacks legal merit. [Doc. 3]. In its Motion to Dismiss, Defendant cites multiple decisions where Alabama courts have rejected the "show me the note" theory. *See, e.g.*, *Farkas v. SunTrust Mortg., Inc.*, 447 Fed. Appx. 972, 973 (11th Cir. 2001); *Graveling v. Castle Mortgage Co.*, 631 Fed. Appx. 690, 697 (11th Cir. Nov. 9, 2015); *Summerlin v. Shellpoint Mortgage Services*, 165 F. Supp. 3d 1099, 1111 (N.D. Ala. Feb. 29, 2016); Hunter *v. Trustmark Nat'l Bank*, 2016 WL 1051291 (M.D. Ala. Feb. 18, 2016), *adopted by* 2016 WL 1048066 (M.D. Ala. Mar. 16, 2016); *Levins v. Deutsche Bank Tr. Co. Americas*, 2013 WL 308999 (S.D. Ala. Jan. 25, 2013); *Williams v. Federal National Mortgage Association*, 2020 WL 7066318 (S.D. Ala. Dec. 2, 2020).

In their Response, Plaintiffs do not cite any legal authority to support their proposition but instead simply argue quiet title is appropriate because Defendant did not acquiesce to Plaintiffs' demand to produce the "wet ink signed note." (*See* Plaintiffs' Response, at ¶¶ 3.1, 3.2, 5.2, 5.4). Even more troubling, in their Response, Plaintiffs refer to multiple correspondence sent to various entities relating to "evidence of communications seeking holder of the ink signed note." (*See* Plaintiff's

2

Response, at ¶ 2.1.2).  However, none of the communications attached to Plaintiffs' Response was addressed to Defendant PHH. (*See Id.*, at Doc. 7-1 – 7-6). Plaintiffs' allegations in the Complaint are frivolous, and the Complaint is due to be dismissed as a matter of law, since Plaintiffs' claim is reliant on the invalid "show me the note" theory.[1]

Plaintiffs' Response further fails to show that the Complaint adequately pleads the elements of a valid quiet title claim.  Instead, Plaintiffs double-down on the invalid "show me the note" theory, explaining that, "Quiet Title is appropriate for Defendant refuses to cooperate with a full payment in exchange for the wet ink note…" (Plaintiffs' Response, at ¶ 5.2).

---

[1] Mr. Hansen is no stranger to filing frivolous lawsuits. A review of his filing record reflects Mr. Hansen has filed multiple frivolous lawsuits, including against judges and government officials. *See Hovind v. United States of Am.*, No. 3:20-CV-5484-TKW/MJF, 2021 WL 2211348, at *1 (N.D. Fla. Apr. 21, 2021), *report and recommendation adopted sub nom. Hovind v. United States*, No. 3:20-CV-5484-TKW/MJF, 2021 WL 2209313 (N.D. Fla. June 1, 2021) (dismissing action where Hansen failed to state a claim based on invalid legal theories); *Hansen v. Nebraska*, No. 8:20CV203, 2020 WL 3100101, at *2 (D. Neb. June 11, 2020) (dismissing Hansen's claim "that he is a man 'with no election of United States citizenship' who is not subject to state law or authority" as frivolous); *See Hovind v. Hope Thai Cannon*, No. 3:20-cv-5708-RV-MJF (N.D. Fla. Aug. 24, 2020) (ECF No. 6) (dismissing Hansen's action against United States Magistrate Judge Hope Thai Cannon as frivolous); *See Hansen v. Arkley*, No. 220CV2436KJMCKDPS, 2021 WL 2383335, at *1 (E.D. Cal. June 10, 2021), *report and recommendation adopted*, No. 220CV2436KJMCKDPS, 2021 WL 5180058 (E.D. Cal. Nov. 8, 2021) (dismissing Hansen's claims based on lack of standing).

Mr. Hansen is also "a known tax protestor and sovereign citizen." *United States v. Hird*, 4:19-ccr-3038, 2021 WL 1192810, at *2 (D. Neb. March 30, 2021); *see also* Free Inhabitant, *available at* https://freeinhabitant.info/ (Hansen's website detailing his sovereign citizen beliefs); Paul John, *available at* http://www.pauljjhansen.com/ (Hansen's website detailing his sovereign citizen beliefs).

Under Alabama law, in an action to quiet title to real property, "the plaintiff must prove that he was in actual or constructive possession of the property and that his possession was peaceable, as distinguished from scrambling or disputed; furthermore, there must be no suit pending at the time the suit is commenced testing the defendants' claims… For purposes of a quiet title action, one is in constructive possession when he has a legal estate in fee in property and one is in peaceable possession when no other party is denying the fact of his possession." *Cobb v. MacMillan Bloedel, Inc.*, 604 So. 2d 344, 345 (Ala. 1992).

Contrary to Plaintiff's assertions, a quiet title claim does not require Defendant's produce a "wet inked signed note." In fact, proof of a "wet inked signed note" has no legal bearing on the legal requirements of a quiet title claim in Alabama. Accordingly, Plaintiffs' Complaint is due to be dismissed as a matter of law, since Plaintiffs' have failed to adequately plead a quiet title claim under Alabama law.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court grant Defendant's Motion and dismiss with prejudice each and every claim asserted against it by Plaintiffs in the Complaint.

Respectfully submitted this 6th day of October 2022.

4

*s/ Grant A. Premo*
Grant A. Premo
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000 |
Facsimile: (205) 521-8800
gpremo@bradley.com

*ATTORNEY FOR DEFENDANT*
*PHH MORTGAGE CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Clifford H. Stubbe
9565 Highway 84
Evergreen, AL 36401

Paul J. Hansen
9565 Highway 84
Evergreen, AL 36401

*Pro Se Plaintiffs*

*s/ Grant A. Premo*
OF COUNSEL

5