**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CLIFFORD H. STUBBE, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 22-00339-KD-B |
| | * | |
| PHH MORTGAGE CORPORATION, | * | |
| | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendant PHH Mortgage Corporation's motion to dismiss (Doc. 3). The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendant's motion be **GRANTED**, and that this action be **DISMISSED with prejudice.**

I.   **BACKGROUND**

In this action, Plaintiffs Clifford H. Stubbe ("Stubbe") and Paul John Hansen ("Hansen") seek to quiet title to the property located at 9565 Highway 84, Evergreen, Alabama 36401 (the "property"). Plaintiffs commenced this action on July 29, 2022, by filing a *pro se* "Verified Complaint for Quiet Title" in the Circuit Court of Conecuh County, Alabama. (Doc. 1-1 at 8-13).

Plaintiffs' complaint states that Stubbe purchased the property in 2005 and sold it to Hansen via a quitclaim deed in 2022. (<u>Id.</u> at 9-10). Plaintiffs name PHH Mortgage Corporation ("PHH") as the sole Defendant and allege that PHH "<u>claims</u> right to foreclose" on the property "as 'servicer of the alleged loan', Loan Number: 3000202641 . . . ." (<u>Id.</u> at 9).[1]

Plaintiffs allege that in November 2021, they "mailed" PHH "to notice that . . . Stubbe had, and yet has, an individual that wishes to satisfy the claimed note in Defendant's possession" and "[s]pecifically communicating that payment will be made for the exchange of Defendants claimed wet ink signed note, Loan Number: 3000202641, by the simultaneous exchange of payment for the claimed wet ink signed note . . . ." (<u>Id.</u> at 11). However, Plaintiffs state that PHH has "failed to respect, acknowledge, or even respond" to Stubbe's "written (noticed) arrangement for payment in exchange for the claimed wet ink signed note . . . ." (<u>Id.</u>). Instead, PHH "contacted . . . Stubbe by mailing" in "the year of 2022" and "claimed the right to foreclose for an outstanding unpaid note (Loan Number: 3000202641) that is now due and owing in full." (<u>Id.</u> at 10).

---

[1] Unless otherwise indicated by brackets, quoted language from Plaintiffs' filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

Plaintiffs bring a single cause of action labeled "Quiet Title Against Defendant."   (Id. at 11-12).   In their sole count, Plaintiffs seek "to quiet title" to the property "as to any, and all, claims by [PHH] herein now challenged."   (Id. at 12). Specifically, Plaintiffs contend that as a result of PHH's failure to produce the "claimed wet ink signed note" as requested, they are "entitled to a judicial declaration" that the property is "free and clear of encumbrance associated with [PHH's] claim of an outstanding note with Loan Number: 3000202641."   (Id.).

On August 30, 2022, PHH removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting the existence of diversity jurisdiction under 28 U.S.C. § 1332.   (Doc. 1).   On September 7, 2022, PHH filed the instant motion to dismiss.   (Doc. 3).   Plaintiffs timely filed a response in opposition to the motion to dismiss (Doc. 7), and PHH filed a reply.   (Doc. 8).   Thus, the motion is ready for resolution.

II.   **STANDARDS OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   In evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir.

2017).  That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth."  Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012).  A court reviewing a motion to dismiss must typically limit its consideration to the complaint and exhibits attached thereto.  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam).

When considering *pro se* litigants' allegations, a court gives them a liberal construction, holding them to a less stringent standard than those drafted by an attorney.  Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jamaica Ltd., 760 F.3d

1165, 1168-69 (11th Cir. 2014) (citation and internal quotation marks omitted).  Furthermore, *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

III. <u>**DISCUSSION**</u>

PHH contends that Plaintiffs' quiet title claim should be dismissed because it is premised on the discredited "show-me-the-note" legal theory, which presupposes that only the holder of the original "wet-ink signature note" has the lawful authority to initiate a foreclosure.  (Doc. 3 at 2, 4-6); <u>see</u> <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 253 (5th Cir. 2013).  As PHH correctly points out (<u>see</u> Doc. 3 at 4-5), courts applying Alabama law have repeatedly rejected claims based on "show-me-the-note" arguments.  <u>See, e.g.</u>, <u>Farkas v. SunTrust Mortg., Inc.</u>, 447 F. App'x 972, 973 (11th Cir. 2011) (per curiam) ("Alabama's foreclosure statute sets forth the requirements for conducting a non-judicial foreclosure under the 'power of sale' contained in the mortgage, but the statute does not provide a cause of action for a mortgagor to require the mortgagee to establish proof of claim prior to initiating the foreclosure.") (citing Ala. Code §§ 35-10-11 to 35-10-14); <u>Graveling v. Castle Mortg. Co.</u>, 631 F. App'x 690, 697 (11th Cir. 2015) (per curiam) ("[T]he Gravelings allege that BankUnited failed to provide proper validation of the debt

prior to foreclosure, because they did not provide the Gravelings with the 'original' version of the note and mortgage. Alabama's nonjudicial foreclosure statute does not require the party seeking foreclosure to produce the 'original' or 'wet-ink' version of the note and mortgage. Alabama courts that have addressed the issue have found that a party seeking to foreclose under this statute need not produce the 'original wet ink signature promissory note and mortgage' before commencing foreclosure proceedings.") (citations omitted); Levins v. Deutsche Bank Tr. Co. Americas, 2013 U.S. Dist. LEXIS 10571, at *14-15, 2013 WL 308999, at *3 (S.D. Ala. Jan. 25, 2013) (finding no substantial likelihood of success on plaintiff's claim that bank was barred under Alabama law from foreclosing on his property unless it first presented the "wet-inked" original loan and mortage documents); Summerlin v. Shellpoint Mortg. Servs., 165 F. Supp. 3d 1099, 1111 (N.D. Ala. 2016) ("A nonjudicial foreclosure is not invalid because a foreclosing entity, such as Defendant, has failed 'to produce or present original documentation evidencing the underlying debt and security for repayment thereof.'") (citation omitted); Williams v. Fed. Nat'l Mortg. Ass'n, 2020 U.S. Dist. LEXIS 225620, at *23, 2020 WL 7066318, at *10 (S.D. Ala. Dec. 2, 2020) ("Plaintiffs' claim is due to be dismissed because it constitutes an unrecognized 'show me the note' claim. Plaintiffs' 'Illegal/Void Foreclosure' claim depends upon the flawed assertion that FNMA . . . was

required to produce Plaintiffs' note in order to effectuate a non-judicial foreclose[ur]e.   This is not required.") (internal citations omitted); <u>Douglas v. Troy Bank & Tr. Co.</u>, 122 So.3d 181, 184 (Ala. Civ. App. 2012) (deeming the plaintiffs' "show me the note" theory "suspect" and finding "no authority in which a nonjudicial foreclosure has been held invalid for failure to produce or present original documentation evidencing the underlying debt and security for repayment thereof").

A review of Plaintiffs' complaint reflects that their quiet title claim is premised entirely on PHH's alleged failure to produce the "claimed wet ink signed note" in response to Plaintiffs' communications offering to simultaneously exchange payment for production of the original signed note.  (<u>See</u> Doc. 1-1 at 9, 11-12; <u>see also</u> Doc. 7 at 3 (stating that "Stubbe does not recognize the note, that Defendants have sent, as Defendant's claimed copy of an original signed note").  However, it is clear from the above-cited authority that "a foreclosing entity like Defendant is not required to surrender the original promissory note and mortgage to the mortgagor (or to a court) prior to instituting foreclosure under Alabama law."  <u>Summerlin</u>, 165 F. Supp. 3d at 1111.  Because the Court can discern no theory underlying the instant quiet title claim other than the meritless "show-me-the-note" arguments outlined above, Plaintiff's quiet

title claim is due to be dismissed.[2]   And, because Plaintiffs' underlying legal theory fails as a matter of law, any attempt to amend the claim would be futile.[3]

---

[2] "The Supreme Court of Alabama has indicated that, to make out a valid claim for a quiet title action, a plaintiff must show that he is 'in peaceable possession of the land, either actual or constructive, at the time of the filing of the bill and that there was no suit pending to test the validity of the title.'" Orton v. Mathews, 572 F. App'x 830, 832 (11th Cir. 2014) (per curiam) (quoting Woodland Grove Baptist Church, v. Woodland Grove Cmty. Cemetery Ass'n, Inc., 947 So. 2d 1031, 1036-38 (Ala. 2006)).

In addition to resting on an invalid legal theory, Plaintiffs' complaint fails to state a claim for quiet title because it fails to address whether there are any other pending actions concerning the title at issue, "a vital element of a prima facie case to quiet title." See Orton v. Matthews, 2013 U.S. Dist. LEXIS 156870, at *10, 2013 WL 5890167, at *3-4 (N.D. Ala. Nov. 1, 2013) (dismissing complaint for failure to state a claim for quiet title when it did not address whether there were other pending actions concerning the title at issue), aff'd sub nom. Orton v. Mathews, 572 F. App'x 830 (11th Cir. 2014); Lane v. Bayview Loan Servicing LLC, 2018 U.S. Dist. LEXIS 207774, at *17, 2018 WL 6446643, at *6 (N.D. Ala. Dec. 10, 2018) (dismissing quiet title claim for plaintiff's failure to plead whether there were other pending actions concerning her land); City of Montgomery v. Brown, 228 So. 2d 820, 822 (Ala. 1969); Curb v. Grantham, 102 So. 619, 619 (Ala. 1924).

[3] "Where a more carefully drafted complaint might state a claim, a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). However, a district court need not grant leave to amend "where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). Here, amendment of the complaint would be futile because the basis of Plaintiffs' quiet title claim is the meritless "show-me-the-note" legal theory. Thus, dismissal with prejudice is appropriate in this instance.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends that Defendant PHH Mortgage Corporation's motion to dismiss (Doc. 3) be **GRANTED**, and that this action be **DISMISSED with prejudice**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **14th** day of **October, 2022.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**