IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLIFFORD H. STUBBE and PAUL J. HANSEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 1:22-CV-00339-KD-B ) |
| PHH MORTGAGE CORPORATION, | ) ) ) ) |
| Defendant. | ) |

**PHH MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Defendant PHH Mortgage Corporation ("PHH" or "Defendant"), by and through its undersigned counsel of record, files this Response to Plaintiffs Clifford Stubbe ("Mr. Stubbe") and Paul Hansen's ("Mr. Hansen") (collectively, "Plaintiffs") Objection to Magistrate Judge's Report and Recommendations ("Objection") [Doc. 11, 12]. In response to Plaintiffs' Objection, Defendant states as follows:

## I. INTRODUCTION

Plaintiffs' quiet title claim in this Action is premised on an invalid legal theory colloquially named "show me the note," which courts in Alabama have repeatedly rejected. *See, e.g.*, *Williams v. Federal. National Mortgage Association*, 2020 WL 7066318, at *10 (S.D. Ala. Dec. 2, 2020). Plaintiffs appear to contend that Defendant's interest in the mortgage loan is invalid because Defendant did not acquiesce to Plaintiffs' demand to produce to them the "wet ink signed note." (*See* Compl., ¶¶ 4, 5, 11, 15). As set forth in Defendant's Motion to Dismiss [Doc. 3], the Complaint is due to be dismissed for failure to state a claim because Plaintiffs' legal theory underlying their quiet title claim is simply legally incognizable.

After Defendant filed its Motion to Dismiss, Plaintiffs filed a Motion to Stay Foreclosure [Doc. 9] and a Motion for Hearing [Doc. 10]. Rather than presenting meritorious grounds for the relief sought in these motions, Plaintiffs again based their requests for relief on the invalid show-me-the-note theory.

The Motion to Dismiss, Motion to Stay Foreclosure, and Motion for Hearing were all referred to Magistrate Judge Bivins. On October 13, 2022, Judge Bivins denied Plaintiffs' requests for a stay of foreclosure and hearing, noting that Plaintiffs failed to demonstrate that the elements for a temporary restraining order or preliminary injunction had been met and failed to meet the requirements of Rule 65.

[Doc. 11, at pp. 4-10]. Judge Bivins accordingly recommended that the Motion for Stay of Foreclosure and Motion for Hearing be denied. [*Id.*].

On October 14, 2022, Judge Bivins entered a report recommending that PHH's Motion to Dismiss be granted and Plaintiffs' Complaint be dismissed with prejudice. [Doc. 12]. Specifically, the Report concluded that "[b]ecause the Court can discern no theory underlying the instant quiet title claim other than the meritless 'show-me-the-note' arguments outlined … Plaintiff's quiet title claim is due to be dismissed." [*Id*. at pp. 7-8].

On October 28, 2022 Plaintiffs filed an objection to the October 14, 2022 and October 13, 2022 reports issued by Judge Bivins. [Doc. 14]. Similar to the Complaint, however, Plaintiffs' objection to Judge Bivins' reports is again based on the invalid "show me the note" legal theory. Accordingly, Judge Bivins' reports should be adopted.

## II. ARGUMENT

Plaintiffs' objection to Judge Bivins' reports is largely incomprehensible, with incoherent references to gold clauses and an attempt to argue the Subject Property, with the address of 9565 Highway 84, Evergreen, Alabama 36401, is "not of land of STATE OF ALABAMA, within the set exterior borders of Alabama." (*See Plaintiff's Objection* at ¶ 5). Outside of these patently meritless and incomprehensible arguments, Plaintiffs' remaining and primary argument still rests

on the invalid "show me the note" legal theory. [*See* Doc. 14, at p. 5]. For instance, "Plaintiff states that Defendant has been noticed numerous times, has had adequate time, **and has refused to present the note** for discharge by Plaintiff, buy offer to pay dollar for dollar, thus 'likelihood of success' is high for if Defendant did have the claimed note (negotiable instrument), a security of the United States, SEE attached Brief, **it was required to present the same** when discharge by payment was, is, offered." [*Id.* at ¶ 9 (emphasis added)]. "Stubbe will be standing as one who sold property that was encumbered by a note, **that Defendants refused to produce**, in the past, and now refuses to produce, for Plaintiffs rights of discharge as the U.S. Congress has established. **Stubbe offered payment through investor in exchange for the claimed note. Defendant refused presentment upon tender to pay.**" [*Id.* at ¶ 9) (emphasis added)]. Further in their "closing argument," Plaintiffs state, "**Upon receiving the subject claimed note,** for given U.S. Dollars, Plaintiff, or holder, then has the right to secure, or destroy, the negotiable instrument to forever guarantee no repeat collection enforcement of the instrument." [*Id.* at p. 10].

Plaintiffs' argument is simply the "show-me-the note" theory phrased in different ways. That is, all of Plaintiffs' arguments boil down to the same thing: Plaintiffs argue that Defendant must produce the wet-ink signed note in order to prove the existence of the note and ability to foreclose. That, however, is not the law, as Judge Bivins held in her report. [Doc. 14, pp. 7-8]. *See also Williams v.*

*Federal. National Mortgage Association*, 2020 WL 7066318, at *10 (S.D. Ala. Dec. 2, 2020).

To further support their claims, Plaintiffs attach multiple unauthenticated letters to various non-parties, none of which are addressed to Defendant PHH. [Doc. 14, Exh. L, M, N, O, P, Q]. Each letter again references Plaintiffs' baseless show me the note theory and requests a copy of the "wet-signed" note. [*Id*.].

As detailed in Defendant's Motion to Dismiss, Defendant's Reply in Support of its Motion to Dismiss, and the reports issued by Judge Bivins, there is no requirement that PHH provide a copy of the wet ink signed note prior to proceeding with foreclosure. Specifically, Judge Bivins noted that Alabama case law rejects the "show-me-the note" theory. [Doc. 11]. *See also*, *e.g., Farkas v. SunTrust Mortg., Inc.*, 447 F. App'x 972, 973 (11th Cir. 2011); *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 697 (11th Cir. 2015); *Levins v. Deutsche Bank Tr. Co. Americas*, 2013 U.S. Dist. LEXIS 10571, at *14-15, 2013 WL 308999, at *3 (S.D. Ala. Jan. 25, 2013); *Summerlin v. Shellpoint Mortg. Servs.*, 165 F. Supp. 3d 1099, 1111 (N.D. Ala. 2016); *Williams v. Fed. Nat'l Mortg. Ass'n*, 2020 U.S. Dist. LEXIS 225620, at *23, 2020 WL 7066318, at *10 (S.D. Ala. Dec. 2, 2020); *Douglas v. Troy Bank & Tr. Co.*, 122 So.3d 181, 184 (Ala. Civ. App. 2012).

## III.   CONCLUSION

Plaintiffs have not raised meritorious objections to Judge Bivins' reports. Plaintiffs continue to rely on the invalid "show me the note" theory and other equally baseless arguments. The Court should accordingly adopt the Judge Bivins' reports, and grant Defendant's Motion to Dismiss with prejudice

Respectfully submitted this 11th day of November 2022.

>*s/ Grant A. Premo*
>Grant A. Premo
>Bradley Arant Boult Cummings LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, Alabama 35203
>Telephone: (205) 521-8000 |
>Facsimile: (205) 521-8800
>gpremo@bradley.com
>
>*ATTORNEY FOR DEFENDANT*
>*PHH MORTGAGE CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2022, I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Clifford H. Stubbe
9565 Highway 84
Evergreen, AL 36401

Paul J. Hansen
9565 Highway 84
Evergreen, AL 36401

*Pro Se Plaintiffs*

> *s/ Grant A. Premo*
> OF COUNSEL